IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher A. Josey, )<br>a/k/a Christopher Josey Choice, )<br>     )<br>     Plaintiff, )<br>v.     )<br>     )<br>Sumter County c/o William     )<br>Noonan; Lee County c/o Jimmy     )<br>Lacoste; Simon Major, Director     )<br>SLRDC; Dr. Bush, Medical Director;)<br>and Southern Health Partners, c/o     )<br>Phil Mack, Jackie Richardson,[1]     )<br>     )<br>     Defendants. **)**<br>_____**)** | Civil Action No. 0:07-1657-MBS-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants while he was being held at the Sumter-Lee Regional Detention Center.

The Defendants Bush and Southern Health Partners filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 17, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 18, 2007, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response.

---

[1]Jackie Richardson [actual name "Richards"] was apparently added at a later date as a Defendant in this case; however, there is no indication in the file that she has ever been served with process. Due to the recommended disposition of this case, there is no need to have the Marshal attempt service on her at this time.

1



Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted. The Defendant Lee County thereafter also filed a motion for summary judgment on October 10, 2007, following which a second Roseboro order was entered by the Court on October 11, 2007. Finally, the Defendants Sumter County and Simon Major filed a motion for summary judgment on November 19, 2007, following which a third Roseboro order was entered on November 20, 2007. Plaintiff filed affidavits in opposition to these motions for summary judgment on October 5, 2007 and again on November 27, 2007. Defendants' motions are now before the Court for disposition.[2]

## Background and Evidence

Plaintiff alleges in his verified amended Complaint[3] that in January 2007, while he was being held at the Sumter-Lee Regional Detention Center, he "jumped out of top bunk in Bravo Pod and landed on heel of shower shoes which I had on and injured my lower back...." Plaintiff alleges that he wrote requests to "medical" and a "Nurse Wells" and also talked to a doctor concerning his lower back, but that x-rays were taken on his chest instead of his lower back. Plaintiff alleges that he was asked to pay the jail and another doctor to look at his back, and that he also signed a waiver agreeing to have the Detention Center take care of him while he was there, but

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



that they had "refuse[d] to take care of me."

Plaintiff also alleges that he has stomach problems from a past surgery, but that the Detention Center did not provide him with Tylenol, aspirin, or any non-prescription medication. Plaintiff alleges he had to buy his medication at the canteen. Plaintiff also complains that inmates at the Detention Center are not examined for detected communicable diseases, that a judge recommended that he have a mental evaluation but he has not received one, and that inmates' requests to medical staffs are never responded to. Plaintiff's Complaint contains no requested relief. See generally, Verified Amended Complaint.

In support of summary judgment in this case, the Defendants argue, inter alia, that this case is subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies before filing this lawsuit. Attached to the Defendant Sumter County's motion for summary judgment is an affidavit from Daryl McGhaney, who attests that he is the Assistant Director of the Sumter-Lee Regional Detention Center, and that he is in charge of overseeing the daily operations of the Detention Center. McGhaney attests that, since the filing of this action, Plaintiff has been transferred to the Turbeville Correctional Institution of the South Carolina Department of Corrections, and is no longer housed at that Detention Center. McGhaney further attests that he has reviewed Plaintiff's grievance file and that each properly filed grievance by the Plaintiff was answered. Copies of the grievances that Plaintiff filed while housed at the Sumter-Lee Detention Center are attached to McGhaney's affidavit as Exhibit A. In his affidavits filed in opposition to the Defendants' motions, Plaintiff attests that he did file grievances concerning his medical issues; however, he has not provided either originals or copies of any such grievances for the Court's review.



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Initially, it must be noted that Plaintiff has not requested either any injunctive relief or compensatory or monetary damages in his amended Complaint.[4] Plaintiff has also failed to request any relief in either of his affidavits filed in response to the Defendants' motions for summary

---

[4] Plaintiff was originally a plaintiff, along with other Detention Center inmates, in a complaint which asserted claims concerning the general conditions of their confinement while at the Detention Center. By order filed June 13, 2007, the Honorable Margaret B. Seymour, United States District Judge, ordered that the complaints be filed separately as to each named Plaintiff, with separate civil action numbers to be assigned. Plaintiff was thereafter required to file an amended Complaint setting forth claims which only related to him; see Order filed June 19, 2007; following which he filed his amended Complaint on July 3, 2007.



judgment.

This Court cannot rewrite Plaintiff's pleadings to include claims for relief that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999); Small v. Endicott, 998 F.2d 411 (7th Cir. 1993); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Therefore, this case is subject to dismissal for failure of the Plaintiff to seek relief for his claims. Montgomery-Seth v. Bureau of Prisons, No. 07-49, 2007 WL 710162 (E.D.Ken. March 7, 2007) [holding that failure to demand any form of relief justifies dismissal].

## II.

Even if Plaintiff had set forth a demand for some type of relief, since he is no longer housed at the Sumter-Lee Detention Center, only a claim for monetary damages would still be viable. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer moots a request for declaratory or injunctive relief]; cf. Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir. 1983); Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dupree v. Lubbock County Jail, 805 F.Supp. 20, 21 (N.D.Tex. 1992) [even where complaint could be construed as requesting injunctive relief, action dismissed for failure to state a claim where plaintiff has been transferred]; Player v. Phoenix, No. 92-401, 1992 WL 350780, at *1 (S.D.N.Y. Nov. 13, 1992) [same].

Further, even if Plaintiff had requested monetary damages, the evidence presented to this Court is not sufficient to create a genuine issue of fact as to whether Plaintiff properly



5

exhausted his administrative remedies before filing this lawsuit to survive summary judgment. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[5] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed with his claim in this Court, he must first have exhausted the administrative remedies available at the jail.

The Fourth Circuit has held that it is the Defendant who has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies. See Anderson v. XYZ

---

[5] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).

6



Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. Here, the Defendants have asserted this defense and have supported their argument for dismissal on this ground through an affidavit from the Assistant Jail Director as well as with copies of the grievances Plaintiff filed while housed at the Detention Center. The undersigned has reviewed these grievances and confirmed that none of these grievances address the issues Plaintiff has raised in this lawsuit. Further, a review of Plaintiff's verified Complaint reveals that he acknowledged that the Detention Center did have a grievance procedure, and while he indicates that he filed a grievance concerning the claims he is raising in this lawsuit, he further concedes that he had not received a final agency/departmental/institutional answer or determination concerning these grievances prior to filing this lawsuit. See Verified Complaint, Section II.

As noted, although Plaintiff states in his response affidavits that he did file grievances concerning these matters[6], he has submitted no documentary evidence to prove this assertion or to counter the evidence submitted by the Defendants, and the Court is not required to simply accept his general and conclusory statement that he filed grievances concerning these claims when there is contrary documentary evidence. Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir.

---

[6]Plaintiff may be confusing "grievances" with "requests to staff forms" or "medical requests", which he submitted concerning his medical care. See Exhibit (Plaintiff's complete medical record while housed at the Detention Center), attached to Affidavit of Jackie Richards. Request to staff forms or medical requests are not grievances, and Plaintiff being dissatisfied with the care he received in response to his medical requests or inmate request forms does not constitute the exhaustion of the jail grievance process. To exhaust his administrative remedies, Plaintiff would have had to have pursued *grievances* concerning his medical care if he did not receive the response(s) he desired to his medical requests/request to staff forms. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy]; see also Jordan v. Miami-Dade County, 437 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial].

7



1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]; Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Bender v. Surburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Sylvia Dev.Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995) [explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]; Rule 56(e), Fed.R.Civ.P. [once the moving party satisfies its burden of showing that judgment on the pleadings is appropriate, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial"]; Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

Finally, even if Plaintiff had filed grievances concerning the matters raised in his Complaint, of which there is no evidence, in light of his admission in his Complaint that he had not received any final disposition of these grievances, such filings would still not have been sufficient in and of themselves to save Plaintiff's claims from dismissal. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency



8

of the federal suit."]; Erby v. Kula, 98 Fed.Appx. 405, 407 (6th Cir. 2004) [State prisoner's letter to state prison director did not exhaust his administrative remedies, as required, where prisoner sent his letter during pendency of federal suit.].

Based on the foregoing, and in light of Plaintiff's own admission in his verified Complaint that he failed to exhaust the jail grievance procedure prior to bringing this lawsuit, the Defendants are entitled to dismissal of Plaintiff's claims. Booth, 532 U.S. at 741; *cf.* Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to request any relief and for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 29, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10

